UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    'O'   JS-6

| Case No. | 2:20-CV-09401-CAS-MAAx | Date | December 8, 2020 |
|---|---|---|---|
| Title | ALAN BURNS v. AZUSA PACIFIC UNIVERSITY | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:           Attorneys Present for Defendants:

Not Present                                               Not Present

**Proceedings:**  (IN CHAMBERS) - NOTICE OF MOTION AND MOTION TO REMAND REMOVED ACTION AND FOR ATTORNEY'S FEES AND COSTS TO BE PAID BY DEFENDANT IN THE AMOUNT OF $6,325.00 [28 U.S.C. §§ 1441(b)(2); 1447(c)] (Dkt. [12], filed on November 10, 2020)

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT BY DEFENDANT AZUSA PACIFIC UNIVERSITY (Dkt. [13], filed on November 17, 2020)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. Accordingly, the hearing date of December 14, 2020 is vacated, and the matter is hereby taken under submission.

**I.   INTRODUCTION**

On September 2, 2020, plaintiff Alan Burns filed suit against defendants Azusa Pacific University ("APU") and Does 1 through 50 in the Los Angeles County Superior Court. See Dkt. 1-1 ("Compl."). Defendant removed the case on October 13, 2020 based on diversity jurisdiction. Dkt. 1 ("Removal"); see 28 U.S.C. §§ 1332, 1441(a). On November 11, 2020, the Court ordered defendant to show cause why the instant action should not be remanded to the Superior Court on the ground that the forum defendant rule prevented removal by defendant, which is a citizen of California. Dkt. 11. Before defendant filed a response, plaintiff moved to remand the case. Dkt. 12 ("Remand Mot.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:20-CV-09401-CAS-MAAx | Date | December 8, 2020 |
| Title | ALAN BURNS v. AZUSA PACIFIC UNIVERSITY | | |

On November 17, 2020, defendant responded to the Court's order to show cause, dkt. 14 ("Response to OSC"), and moved to dismiss the case, dkt. 13 ("MTD"). On November 30, 2020, defendant filed its opposition to plaintiff's motion to remand. Dkt. 16 ("Opp. to Remand Mot."). On December 7, 2020, plaintiff filed a First Amended Complaint ("FAC") in this Court alleging (1) breach of contract, (2) intentional misrepresentation, (3) concealment, and (4) retaliation. Dkt. 18 ("FAC") ¶¶ 60–129. In the FAC, plaintiff also preserved his claim that removal was improper. Id. ¶¶ 8–17.

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.   BACKGROUND

In 2018, several students leveled complaints against plaintiff regarding a school trip he led on behalf of defendant. Compl. ¶¶ 10–11; FAC ¶ 27. Plaintiff alleges that the complaints were untimely and evinced ulterior motives, and the investigation into these complaints was procedurally flawed and biased. See generally, Compl.; FAC. At the conclusion of the investigation (at some point in or after June 2019), plaintiff was terminated. Compl. ¶¶ 36, 38; FAC ¶ 57.

After plaintiff filed his complaint on September 2, 2020, plaintiff's process server, Matt Evans, sent an email to defendant on September 17, 2020, requesting a time to personally serve the Summons and Complaint. Removal ¶ 2; see dkt. 1-2, Exh. 2 ("Evans Email Sep. 17, 2020"). That same day, counsel for defendant responded to Evans, stating, "I am the attorney for APU an [sic] authorized to accept service. If you send me and [sic] acknowledgement and receipt, I will sign it on behalf of APU and return it to you." Dkt. 1-3, Exh. 3 ("Lester Email Sep. 17, 2020"); Removal ¶ 3. On September 24, 2020, plaintiff mailed the Notice of Case Assignment, Civil Case Cover Sheet, Complaint, Summons and Notice and Acknowledgement of Receipt to defendant's attorney, and these documents were received on September 28, 2020. Removal ¶ 4; see dkt. 1-4 (documents served). Defendant's counsel signed and served by mail the Notice and Acknowledgement of Receipt on October 14, 2020, sixteen days after its receipt. Remand Mot. at 1–2; see dkt. 12-2, Exh. B (proof of service). However, on October 13, 2020—one day before signing the Notice and Acknowledgement of Receipt—defendant removed the case to this Court. See Removal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 2:20-CV-09401-CAS-MAAx | Date | December 8, 2020 |
| Title | ALAN BURNS v. AZUSA PACIFIC UNIVERSITY | | |

Defendant argues removal is proper because it had not been properly served by the time it removed the case; service was incomplete because defendant had not signed and returned the Notice and Acknowledgement of Receipt. Plaintiff argues remand is appropriate because defendant is a citizen of this forum and may not remove by reason of the forum defendant rule.

### III. LEGAL STANDARD

Federal courts are courts of limited jurisdiction and possess only that jurisdiction as authorized by the Constitution and federal statute. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). "Under 28 U.S.C. § 1441(a), a party may remove a civil action brought in a State court to a district court only if the plaintiff could have originally filed the action in federal court. Thus, removal is only proper if the district court has original jurisdiction over the issues alleged in the state court complaint. There is a strong presumption that the Court is without jurisdiction until affirmatively proven otherwise." Dechow v. Gilead Scis., Inc., 358 F. Supp. 3d 1051, 1053 (C.D. Cal. 2019).

Under the diversity statute, 28 U.S.C. § 1332, a federal district court has original jurisdiction when the parties are completely diverse and the amount in controversy exceeds $75,000. A defendant may remove an action to federal court if the diversity and amount in controversy requirements are satisfied. 28 U.S.C. § 1441(a), (b). However, 28 U.S.C. § 1441(b)(2), often referred to as the "forum defendant rule," limits a defendant's ability to remove a case by providing that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." "In other words, a defendant who has been joined and served in a State court action and is a citizen of that State may not exercise removal." Llanos v. Delta Air Lines, Inc., No. 2:19-CV-10757-VAP-ASx, 2020 WL 635477, at *2 (C.D. Cal. Feb. 11, 2020).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The Ninth Circuit has held that removal "should be construed narrowly in favor of remand to protect the jurisdiction of state courts." Harris v. Bankers Life & Casualty Co., 425 F.3d 689, 698 (9th Cir. 2005). A federal court's jurisdiction "must be rejected if there is any doubt as to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:20-CV-09401-CAS-MAAx | Date | December 8, 2020 |
| Title | ALAN BURNS v. AZUSA PACIFIC UNIVERSITY | | |

the right of removal," and a "defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

### IV.   DISCUSSION

#### A. Actual Service

The central issue here is whether the forum defendant rule requires remand. It is undisputed that, if defendant—a citizen of California—was "properly joined and served" prior to removal, the removal was impermissible. See § 1441(b)(2); see also Phillips & Stevenson, Rutter Group Prac. Guide: Fed. Civ. Pro. Before Trial, Calif. & 9th Cir. Editions § 2:2321 (2019) ("Further, once any 'local' defendant has been properly served, the action cannot be removed on diversity grounds by that defendant or any other defendant.").

In this case, defendant was served by mail; service by mail is governed by Cal. Code Civ. P. § 415.30. Section 415.30 provides: "Service of a summons pursuant to this section is deemed complete on the date a written acknowledgment of receipt of summons is executed, if such acknowledgment thereafter is returned to the sender." CCP § 415.30(c). Section 415.30's "language plainly states service is effective only when a defendant has signed and returned the form, and courts unanimously have come to the same conclusion." Llanos, 2020 WL 635477, at *2; see, e.g., Harper v. Little Caesar Enterprises, Inc., 2018 WL 5984841, at *2 (C.D. Cal. Nov. 14, 2018). Here, then, it is clear actual service was not complete by October 13, 2020, when defendant removed the case, because the Notice and Acknowledgement of Receipt was not signed until October 14, 2020.[1]

---

[1] Although California's substitute service statute, Cal. Code Civ. P. § 415.20, deems substitute service complete 10 days after mailing the summons, in order to invoke substitute service, the serving party must both leave a copy of the summons at the recipient's office and mail a copy to that office. Here, there is no evidence that plaintiff's process server left a copy of the summons at defendant's office.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:20-CV-09401-CAS-MAAx | Date | December 8, 2020 |
| Title | ALAN BURNS v. AZUSA PACIFIC UNIVERSITY | | |

### B. Avoiding Absurd Results

Although it is clear actual service was incomplete when defendant removed the case, plaintiff argues the Court should join numerous other courts in this circuit which have looked past the literal meaning of section 1441(b)(2) in an effort to effectuate its purpose. Remand Mot. at 3. Plaintiff also argues that to enforce section 1441(b)(2) literally will produce the absurd result of contravening its purpose and rewarding defendant's apparent gamesmanship. Id. at 3, 7. Defendant responds that the plain meaning of the statute controls, and that, since it did not sign and return the Notice and Acknowledgement of Receipt until October 14, 2020, its October 13, 2020 removal is proper. Response to OSC at 1; Opp. to Remand Mot. at 2. As to whether to read section 1441(b)(2) literally, "[t]he district courts are split on this issue, and the Ninth Circuit as not yet addressed it." Llanos, 2020 WL 635477, at *3 (C.D. Cal. Feb. 11, 2020).

"[W]here the language of a statute is plain and admits of no more than one meaning the duty of interpretation does not arise." Campbell v. Allied Van Lines Inc., 410 F.3d 618, 620–21 (9th Cir. 2005) (quotation and alterations omitted). However, "well-accepted rules of statutory construction also caution us that statutory interpretations which would produce absurd results are to be avoided." Marsh v. Monster Beverage Corp., No. EDCV 15-2205 GHK (KKx), 2016 WL 11508266, at *2 (C.D. Cal. Jan. 4, 2016). Relevant here, many courts have acknowledged that absurd results often attend literal application of section 1441(b)(2). See Llanos, 2020 WL 635477, at *3 (listing cases). Courts, for instance, "recognize that there are differing factual scenarios that may impair or restrict proper service, where applying the plain meaning interpretation of § 1441(b)(2) could produce 'absurd or bizarre results.' In such situations, barring removal under Section 1441(b)(2) may be the proper approach." Dechow, 358 F. Supp. 3d at 1055. As such, courts faced with deciding whether a literal application of the forum defendant rule would render absurd results (1) engage in "a fact intensive inquiry that accounts for the characteristics of the parties and the timing of events," and (2) "review the facts with an eye toward promoting the purpose of the forum defendant rule and protecting the integrity of removal jurisdiction." Llanos, 2020 WL 635477, at *3.

Starting with the characteristics of the parties and the timing of events in the case at bar, although plaintiff is not proceeding *pro se*, and although plaintiff did wait 15 days after filing his complaint to notify defendant's attorney of his intention to serve defendant,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:20-CV-09401-CAS-MAAx | Date | December 8, 2020 |
| Title | ALAN BURNS v. AZUSA PACIFIC UNIVERSITY | | |

neither of these facts is dispositive. See id. at *3 ("[I]t is informative but not dispositive that Plaintiff is not *pro se* and that several weeks passed between filing and removal."). More significant is that service had commenced by the time the case was removed. See id. (fact that plaintiff "was in the process of serving the defendants" when the defendants removed the case "weigh[ed] strongly in favor of remand"). Plaintiff had made a good-faith effort to serve defendant, and had heeded defendant's request to mail the summons and complaint to defendant's attorney, who represented that he would sign and return the Notice and Acknowledgement of Receipt. Lester Email Sep. 17, 2020. In fact, it was by virtue of defendant's delay that service was not yet complete by the time the case was removed: defendant was in possession of the Notice and Acknowledgement of Receipt for two weeks before signing it. See Llanos, 2020 WL 635477, at *4 (remanding where defendant "was able to evade the forum defendant rule only by … delaying execution of the notice and acknowledgement of receipt forms," among other things). For these reasons, the Court concludes the characteristics of the parties and the timing of events favor remand.

Furthermore, remand would be in keeping with the purpose of the forum defendant rule and would protect the integrity of diversity jurisdiction. See id. at *3. As to the purpose, "[r]emoval based on diversity jurisdiction is intended to protect out-of-state defendants from possible prejudices in state court. … The need for this protection is absent, however, in cases where the defendant is a citizen of the state in which the case is brought." Lively v. Wilds Oats Mkts., Inc., 456 F.3d 933, 940 (9th Cir. 2006). Accordingly, "the forum defendant rule allows the plaintiff to regain some control over forum selection by requesting that the case be remanded to state court." Id. On the other hand, the requirement that a defendant must be "properly joined and served" serves to "prevent plaintiffs from improperly joining forum defendants that they do not actually intend to pursue in order to prevent removal from state court," Marsh, 2016 WL 11508266, at *2 (quotation omitted).

Here, it is clear defendant has not been joined to defeat diversity because it is the only named defendant. See id. at *3 ("Defendants obviously are not being joined simply to defeat removal given that they are the only named defendants."). Furthermore, there is no concern that defendant will be prejudiced in state court because defendant is at home in California. See Lively, 456 F.3d at 940. Finally, to permit removal under these circumstances would introduce a degree of gamesmanship the forum defendant rule was meant to eliminate. See Penn v. Amazon.com, Inc., No. CV 17-02682-SVW-PLA, 2017 WL 8229625, at *2 (C.D. Cal. May 24, 2017) ("[a] literal reading of § 144l(b)(2) would

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:20-CV-09401-CAS-MAAx | Date | December 8, 2020 |
| Title | ALAN BURNS v. AZUSA PACIFIC UNIVERSITY | | |

paradoxically allow defendant[s] to engage in their own gamesmanship by racing to remove newly filed actions," which "is clearly at odds with Congress' intent to eliminate gamesmanship" (quotation omitted)). For the foregoing reasons, the Court concludes remand would advance the goals of the forum defendant rule and preserve the integrity of diversity jurisdiction, while avoiding an absurd result.

### A. Attorneys' Fees

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). In the context of a remand order, pursuant to section 1447(c), district courts have "wide discretion" to decide whether to award attorneys' fees and costs. See Moore v. Permanente Med. Grp., 981 F.2d 443, 447 (9th Cir. 1992). Courts generally award fees "where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). In this case, the Court exercises its discretion to deny the request for attorneys' fees. See Llanos, 2020 WL 635477, at *3 ("The district courts are split on this issue [of whether to interpret section 1441(b)(2) literally], and the Ninth Circuit as not yet addressed it.").

### V.  CONCLUSION

Based on the foregoing, the Court therefore **GRANTS** the Motion to Remand and **REMANDS** this case to the Superior Court of California, County of Los Angeles. The Court further **DENIES** plaintiff's motion for attorneys' fees. In light of the Court's ruling herein, it **DENIES** the other pending motions as moot.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |